FILED

MAY 2 3 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRCT COURT
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )  **4:22CR00295 AGF**
)
)
SEMAJ PORTIS, )
)
Defendant. )

## INFORMATION

The United States Attorney charges that:

**COUNT ONE**
**(Wire Fraud: 18 U.S.C. § 1343)**

A. **Introduction**

At all times material to this Information, unless otherwise specified below:

1. The Consolidated Appropriations Act of 2021 authorized federal "Emergency Rental Assistance" dollars from the United States Department of Treasury to be provided to states to administer for the benefit of households impacted by the COVID-19 pandemic. The Missouri Housing Development Commission ("MHDC") administered and distributed the federal Emergency Rental Assistance dollars for the State of Missouri under the Missouri State Assistance for Housing Relief Program ("SAFHR"). SAFHR provided rental assistance for households impacted by COVID-19. Under SAFHR, landlords could apply to the MHDC on behalf of eligible tenants for rental assistance to be paid directly to the landlord. Rental assistance under SAFHR included up to twelve months of rent arrears and up to three months of prepaid rent.

1

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law that was enacted in or around March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic. Among other things, the CARES Act made "COVID-19 Emergency Solutions Grants" available to states for emergency rental arrears assistance. The MHDC administered and distributed COVID-19 Emergency Solutions Grants for the State of Missouri under the Missouri Emergency Rental Arrears Program ("ERAP"). Much like SAFHR, ERAP provided financial support for landlords and renters who were struggling due to the COVID-19 emergency in the State of Missouri. The program reimbursed eligible landlords for past due rent payments caused by the COVID-19 pandemic. To receive ERAP assistance, landlords had to complete and submit applications to the MHDC in collaboration with their tenant. If approved, the MHDC provided eligible landlords with up to six months of rental arrears.

3. To obtain rental assistance under SAFHR and ERAP, a qualifying landlord was required to submit an electronic application to the MHDC. For SAFHR and ERAP applications, a landlord had to submit contact information for the landlord and the tenant, including a copy of the landlord's W-9 and a copy of the tenant's photo identification. Under both programs, the landlord was also required to submit a copy of the lease agreement along with the landlord's banking information. In exchange for the MHDC's rental assistance under both programs, landlords were also required to agree not to evict the tenant for a certain amount of time. To complete an application for rental assistance under SAFHR and ERAP, landlords were also required to certify that their statements to the MHDC were true and correct to the best of their knowledge.

4. Defendant **SEMAJ PORTIS** resided in St. Louis, Missouri, within the Eastern District of Missouri.

2

5. Forever Riding was a nonprofit corporation registered with the Missouri Secretary of State's Office on January 15, 2021.

### B. The Scheme to Defraud

6. Beginning by at least on or about January 15, 2021, and continuing through at least on or about October 18, 2021, in the Eastern District of Missouri, and elsewhere, the defendant, **SEMAJ PORTIS**, with the intent to defraud, devised and intended to devise a scheme and artifice to defraud the MHDC and to obtain money and property from the MHDC by means of material false and fraudulent pretenses, representations, and promises, as described further herein.

7. It was part of the scheme and artifice to defraud that, on or about January 15, 2021, Defendant registered Forever Riding as a nonprofit corporation with the Missouri Secretary of State's Office. Defendant listed herself on Forever Riding's Articles of Incorporation as the registered agent and incorporator.

8. It was further part of the scheme and artifice to defraud that, between on or about January 15, 2021, until at least on or about July 6, 2021, Defendant submitted a total of 52 fraudulent applications for rental assistance to the MHDC. Of the 52 fraudulent applications submitted by Defendant to the MHDC, Defendant submitted 37 fraudulent SAFHR applications and 15 fraudulent ERAP applications.

9. It was further part of the scheme and artifice to defraud that, for each of the fraudulent applications that Defendant submitted to the MHDC, Defendant listed the landlord as either herself or her nonprofit, Forever Riding. But, in truth and fact, neither Defendant nor Forever Riding served as the landlord for any of the tenants listed in the 52 fraudulent applications submitted to the MHDC.

10. It was further part of the scheme and artifice to defraud that Defendant submitted fraudulent lease agreements to the MHDC in support of each of the fraudulent applications for rental assistance that she submitted to the MHDC. In each of the fraudulent lease agreements, Defendant listed either herself or her nonprofit, Forever Riding, as the landlord. But, in truth and fact, neither Defendant nor Forever Riding served as the landlord for any of the tenants listed in the fraudulent lease agreements.

11. It was further part of the scheme and artifice to defraud that, for each of the 52 fraudulent applications for rental assistance that Defendant submitted to the MHDC, Defendant listed herself as the "Application Point of Contact." For her contact information in each fraudulent application submitted to the MHDC, Defendant included her cellphone number and her email address.

12. It was further part of the scheme and artifice to defraud that, for each of the 52 fraudulent applications for rental assistance that Defendant submitted to the MHDC, Defendant provided either her personal BMO Harris bank account ******5297 or her business Midwest Bank Centre account ******2912 to receive rental assistance from the MHDC.

13. It was further part of the scheme and artifice to defraud that Defendant electronically submitted each of the 52 fraudulent applications for rental assistance to the MHDC. After Defendant electronically submitted the fraudulent applications for rental assistance, those applications traveled by means of wire transmission through an out-of-state server before arriving at the MHDC for processing.

14. It was further part of the scheme and artifice to defraud that, based on the material misrepresentations that Defendant made in her fraudulent applications for rental assistance, the MHDC wired a total of $267,238.00 to Defendant's bank accounts. Defendant spent the proceeds

on personal expenses, including on vacations and purchases of property within the Eastern District of Missouri.

### C. Wire Transmission

15. On or about May 21, 2021, within the Eastern District of Missouri, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**SEMAJ PORTIS,**

the defendant herein, did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, or sounds, to wit, an electronic SAFHR application (#2946) for rental assistance that she submitted to the MHDC through an out-of-state server from the Eastern District of Missouri.

All in violation of Title 18, United States Code, Section 1343.

Dated: 5-23-2022

SAYLER A. FLEMING
United States Attorney

Derek J. Wiseman, #67257MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SEMAJ PORTIS, | ) ) |
| Defendant. | ) |

I, Derek J. Wiseman, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

DEREK J. WISEMAN, #67257MO
Assistant United States Attorney

Subscribed and sworn to before me this 28th day of April 2022.



CLERK, U.S. DISTRICT COURT

By: /s/Jason W. Dockery
DEPUTY CLERK